UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

HERMENIA ROSE,

          Plaintiff,

v.

MICHAEL J. ASTRUE,
   Commissioner of Social Security,

          Defendant.

Civil Action No. 3:11–CV–701

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff Hermenia Rose's Objections (ECF No. 14) to Magistrate Judge Novak's Report and Recommendation ("R&R") (ECF No. 12), affirming the Social Security Administration's denial of Plaintiff's application for Supplemental Security Income ("SSI"). The Commissioner of the Social Security Administration's decision to deny benefits consisted of a finding by an Administrative Law Judge ("ALJ") who determined that Rose is not disabled according to the Social Security Act and applicable regulations. For the reasons stated below, the Court will OVERRULE Rose's objections and ADOPTS Judge Novak's R&R, which DENIES Rose's Motion for Summary Judgment and Remand (ECF Nos. 6 & 7); GRANTS the Commissioner of Social Security's Motion for Summary Judgment (ECF No. 9); and AFFIRMS the Commissioner's decision denying benefits to Rose.

## BACKGROUND

"'Disability' is the 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.'" *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006) (quoting 42 U.S.C. § 423(d)(1)(A)). The Commissioner, through the Appeals Council or an ALJ, utilizes a five-step

sequential process to determine whether a claimant is disabled and thus eligible for Social Security disability benefits. *See* 20 C.F.R. §§ 404.1520, 416.920. Under the five-step inquiry, the Commissioner considers whether the claimant (1) is performing "substantial gainful activity;" (2) is severely impaired; (3) has an impairment that is at least as severe as one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) could continue performing work that she did in the past; and (5) could perform any other job in the national economy. 20 C.F.R. §§ 416.905, 416.920; *see also Rogers v. Barnhart*, 216 F. App'x 345, 347-48 (4th Cir. 2007). If, at any step of the analysis, the Commissioner is able to determine that the applicant is disabled, or not disabled, the inquiry must stop. 20 C.F.R. § 404.1520(a)(4). The applicant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner if the analysis reaches step five. *Bowen v. Yuckett*, 482 U.S. 137, 146 n.5 (1987).

Before considering step four of the sequential analysis, the Commissioner must determine the claimant's residual functioning capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). "RFC is a measurement of the most a claimant can do despite his limitations." *Hines*, 453 F.3d at 562. It is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." *Id.* (quoting Social Security Ruling ("SSR") 96-8p) (emphasis omitted); *see also* SSR 96–9p.

On August 25, 2009, Rose applied for SSI under the Social Security Act. R. at 17. The Commissioner of Social Security denied her claim initially on December 4, 2009, and upon reconsideration on April 19, 2010. R. at 17. Rose then filed a request for a hearing before an ALJ, which was held on May 12, 2011. The ALJ conducted the five-step sequential analysis and found Rose is not disabled under the Social Security Act. R. at 19–26. Under step one of the analysis, the ALJ found Rose had not been "engaged in substantial gainful activity since" the application date and alleged onset of the disability, August 25, 2009. R. at 19. Addressing steps two and

three, the ALJ found Rose suffered from severe impairments of obesity, sarcoidosis, depression, and generalized anxiety disorder, but found none of the impairments met or equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. at 19. Reviewing the entire record prior to considering step four, the ALJ found Rose had an RFC to perform "light work" as defined in 20 C.F.R. 416.967(b), with the exception that she could not climb ropes, ladders, or scaffolding. R. at 21. At step four, the ALJ found Rose has no relevant past work. R. at 25. Finally, the ALJ considered the fifth step, determining that there are "jobs that exist in significant numbers in the national economy that claimant can perform." R. at 25. In making such a determination, the ALJ considered Rose's age, education, work experience, RFC, and a hypothetical posed to a vocational exert ("VE"). R. at 25–26, 51–55. The ALJ ultimately concluded that Rose is not disabled under the Act and therefore does not qualify for SSI. R. at 26. The Appeals Council denied Rose's request for review, R. at 8, thus the ALJ determination was the final act and decision of the Commissioner.

Rose appealed the ALJ's determination to this Court, alleging three grounds: (1) the ALJ failed to properly weigh the medical opinions in the record, (2) the ALJ failed to properly evaluate Rose's credibility, and (3) the ALJ relied on flawed VE testimony. Judge Novak found that: (1) substantial evidence supported the ALJ's assignment of weight to the various medical opinions, (2) substantial evidence supported the ALJ's evaluation of Rose's credibility, and (3) the ALJ presented the VE with an adequate hypothetical to determine Rose is not disabled. R&R 16–25. The R&R agrees with the Commissioner's determination and recommends the Court DENY Rose's Motion for Summary Judgment and Remand, GRANT the Commissioner's Motion for Summary Judgment, and AFFIRM the final decision of the Commissioner. Rose now objects to the R&R, alleging (1) the ALJ failed to properly weigh the medical opinions, (2) the ALJ failed to properly evaluate Rose's credibility, and (3) the ALJ relied on flawed VE testimony.

**STANDARD OF REVIEW**

The Court may review a denial of benefits by the Commissioner, 42 U.S.C. § 405(g), but it must accept the Commissioner's findings of fact if they are supported by substantial evidence and were reached by applying the correct legal standard. *Hines*, 453 F.3d at 561. The "substantial evidence" standard is more demanding than the "scintilla" standard, but less demanding than the "preponderance" standard. *Mastro v. Apfel*, 270 F.3d 171, 177 (4th Cir. 2011). Thus, a finding is supported by "substantial evidence" if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). If "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Id.* In determining whether a decision satisfies that standard, the Court may not weigh conflicting evidence, evaluate the credibility of evidence, or substitute its judgment for the Commissioner's findings. *Mastro*, 270 F.3d at 176.

A court reviews any portion of a Magistrate Judge's report and recommendation that has been properly objected to de novo. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). In order to properly object, a party must object "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).

**ANALYSIS**

Rose objects to all three of Judge Novak's findings in the R&R. Rose concedes the objections relate to the same arguments set forth in her opening brief. The Commissioner argues the objections raised merely rehash the same arguments Judge Novak already considered and rejected and therefore do not warrant de novo review. *See Williams v. Astrue*, No. 09cr60, 2010 WL 395631, at *3 (E.D. Va. Feb. 2, 2012) (denying de novo review of objections to the magistrate judge's report and recommendation because the objections was "in actuality, practically a verbatim copy of the argument section of Plaintiff's previously-filed summary judgment brief").

Rose's objections do not simply restate previously made arguments, rather they object to specific determinations made by Judge Novak. Rose therefore objected with sufficient specificity to warrant de novo review.

## I. Judge Novak properly concluded that substantial evidence supported the ALJ's assignment of weight to the medical opinions

Prior to considering step four of the sequential analysis, the ALJ determined Rose has an RFC to perform light work as defined in 20 C.F.R. 416.967(b), except that she should never climb ropes, ladders or scaffolding.[1] R. at 21. In coming to that determination, the ALJ gave great weight to the opinions of the non-examining state agency medical consultants who concluded Rose had an RFC for light work. The ALJ afforded persuasive weight to the assessment of Dr. Demetria Brown, who examined Rose on November 18, 2009, diagnosing Rose with generalized anxiety disorder and assessing her with a global assessment of functioning ("GAF") of 51.[2] R. at 23–24. Finally, the ALJ afforded little weight to Dr. Ramesh Koduri's opinions. R. at 24. Dr. Koduri was Rose's treating physician who opined Rose was "markedly limited in her ability to perform activities in a meaningful manner and in her ability to understand and remember detailed instructions." R. at 23. He treated Rose for major

---

[1] The ALJ included the following additional exclusions from Rose's ability to perform light work:

> She could occasionally balance, crawl, crouch, kneel and crawl [*sic*]. Use of the hands for reaching, grasping and handling should be no more than frequent a [*sic*] level. She must avoid hazards, such as hazardous machinery and unprotected heights. Due to her mental impairments, she could perform unskilled work, using the phrases that are commonly understood in jobs that involve simple routine tasks with short simple instructions, performing work that needs little or no judgment to do simple duties that can be learned on the job in a short timeframe; making only simple work-related decisions with few workplace changes. She should have no direct face-to-face interaction with the general public. She should do no job that would require changing job locations during the course of the day, that is, the job is performed at the same general physical location each day and does not require transit to a different job location course during the workday. She should have no direct face-to-face interaction with coworkers on the completion of an assigned task or duty, but this would not preclude routine daily face-to-face interaction on the job site. She should do no job that demands or requires more than occasional level direct face-to-face interaction with supervisors.

R. at 21.

[2] A GAF score of 51–60 indicates "Moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers)." American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders IV 34 (2002) [hereinafter DSM-IV].

depression and anxiety disorder and assed her with a GAF score of 45 to 50.[3] R. at 23. Though Dr. Koduri was Rose's treating physician, the ALJ gave his opinion little weight because the opinions were deemed "inconsistent with his own treatment notes and his global assessment of functioning scores are not consistent with the other internal marking of the opinion or with the overall medical records." R. at 24. The ALJ concluded the weight given to the respective professional opinions, along with Rose's testimony regarding her activities of daily living, supported an RFC to perform light work, with certain exceptions.

Where the medical opinions in the record are inconsistent internally with each other, or other evidence, the ALJ must evaluate the opinions and assign them respective weight to properly analyze the evidence involved. 20 C.F.R. § 416.927(c)(2), (d). A treating physician's opinion must be given controlling weight if: (1) it is well-supported by medically-acceptable clinical and laboratory diagnostic techniques; and (2) is not inconsistent with other substantial evidence in the record. *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996); 20 C.F.R. § 416.927(c)(2); SSR 96-2p. The ALJ is not required to accept opinions from a treating physician in every situation, *e.g.*, when the physician opines on the issue of whether the claimant is disabled for purposes of employment (an issue reserved for the Commissioner), when the physician's opinion is inconsistent with other evidence, or when it is not otherwise well supported. *Jarrells v. Barnhart*, No. 7:04-CV-00411, 2005 WL 1000255, at *4 (W.D. Va. Apr. 26, 2005); *see also* 20 C.F.R. §§ 404.1527(c)(3)–(4), (e). The Fourth Circuit has held that, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Mastro*, 270 F.3d at 178 (citing *Craig*, 76 F.3d at 590); *see also Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992); 20 C.F.R. § 416.927(c)(2).

The R&R found that the ALJ properly explained his decision regarding the weight

---

[3] A GAF score of 41–50 indicates "Serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." DSM-IV 34.

y

assigned to the medical opinions and that substantial evidence supported the ALJ's weight assignments. The R&R found Dr. Koudri's opinions were inconsistent with his treatment notes indicating Rose missed five visits, complained generally of life stressors, and did not include any discussion of Rose's alleged delusions or hallucinations. R&R 19. The Magistrate additionally found Dr. Koduri did not make marks for all abilities in his opinion and the GAF score was unsupported. R&R 19–20; *see also* R. at 494, 497–99. The R&R rejected Rose's argument the substantial evidence did not support assignment of great weight to the non-treating state agency psychologists' opinions, who did not review Dr. Koduri's notes, because the Magistrate found the additional medical records were merely repetitive of the other records reviewed. R&R 20. Finally, the Magistrate rejected Rose's argument that the ALJ failed to adequately consider Dr. Brown's opinion by failing to adopt several limitations indicated by Dr. Brown. R&R 20–21. The R&R concluded the ALJ did consider and adopt many of Dr. Brown's limitations and was not required to adopt all of the limitations because her opinion was only given persuasive weight. R&R 21.

Rose raises four grounds in support of her objection to Judge Novak's finding of substantial evidence in support of the weight assigned to the medical opinions. First, she argues the Magistrate Judge substituted his judgment for the ALJ and reweighed the evidence in reviewing the ALJ's weight assignments. Second, Rose contends that even if the ALJ did not err in giving Dr. Koduri's opinions less than controlling weight, he still failed to weigh the doctor's opinions under the factors listed in 20 C.F.R. § 404.1527(c)(2)–(6), and the Magistrate did not find reason to excuse compliance with the regulation. Third, Rose contends the ALJ and Magistrate erred by using their lay interpretations to determine there were no significant differences between the reports reviewed by the non-examining state agency psychologists and Dr. Koduri's reports, which were not reviewed. Finally, Rose objects to the Magistrate's conclusion that the ALJ did not err in adopting select limitations from the opinion of Dr. Brown.

As an initial matter, the Magistrate did not substitute his judgment for the ALJ's or

7

reweigh the evidence in finding substantial evidence supported the ALJ's weight assessment. When reviewing the Commissioner's decision, the Court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Craig*, 76 F.3d, at 389 (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)). Similarly, the Court is bound to affirm an ALJ's decision "only upon the reasons he gave." *Patterson v. Bowen*, 839 F.2d 221, 225 n.1 (4th Cir. 1988) (citing *SEC v. Chenery Corp.*, 318 U.S. 80 (1943)). Within those constrains, the reviewing court must base its decision on a review of the record as a whole and "may look to any evidence in the record, regardless of whether it has been cited by [the Commissioner]." *Heston v. Comm'r Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001); *see also Wilson v. Astrue*, No. 4:11cv102, 2012 WL 4717873, at *8 (E.D. Va. Oct. 1, 2012) (citing *Meyer v. Astrue*, 662 F.3d 700, 404 (4th Cir. 2011) ("In deciding whether to uphold the Commissioner's final decision, the Court considers the entire record.")).

In this case, the Magistrate did not re-weigh evidence, make credibility determinations, substitute his judgment, or recommend affirming the Commissioner's decision based on reasoning not provided by the ALJ. Instead, the Magistrate examined the reasons provided by the ALJ and reviewed the record for substantial evidence in support of such reasoning. Rose argues the Magistrate substituted his own judgment in finding substantial evidence supported the ALJ's assignment of little weight to Dr. Koduri's opinion "because Dr. Koduri's opinions were inconsistent with the treatment notes." R&R at 19. This is not a substitution of the Magistrate's judgment for the ALJ's as it is the exact reason provided by the ALJ for limiting the weight given to Dr. Koduri's opinion. R. at 24 ("The undersigned has afforded little weight to the opinions of Dr. Koduri, as they are inconsistent with his own treatment notes."). The R&R described the substantial evidence within the record supporting the ALJ's reason. As such, this Court finds no error in the Magistrate's review of the record in its entirety in making the substantial evidence determination.

Rose's second ground for objection fails because the Magistrate did not err in finding the

8

ALJ properly considered and explained his decision to afford Dr. Koduri's opinions little weight. *See* R&R at 19. When the treating physician's opinion is not given controlling weight, the ALJ must evaluate all of the medical opinions in order to determine what weight to give each by considering a number of factors. *Hines*, 453 F.3d at 563; *see also* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). These factors include: (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examinations and testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area which an opinion is rendered; and (6) other factors brought to the Commissioner's attention which tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(c)(2)–(6), 416.927(c)(2)–(6); *see also Hines*, 453 F.3d at 563. The determination by the ALJ of the weight given to the medical opinions, of course, falls under the general requirement that the ALJ "present [the court] with findings and determinations sufficiently articulated to permit meaningful judicial review." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983).

Rose contends the Magistrate erred in his review of the weight given to the medical opinions because the ALJ did not consider the factors enumerated in 20 C.F.R. § 404.1527(c)(2)–(6). Rose does not cite any authority in this Circuit, nor has the Court found any such authority, requiring the ALJ to explicitly discuss each of the factors individually. The Fourth Circuit has upheld similar decisions of an ALJ to afford less weight to a treating physician's opinions based on the ALJ's explanation that the opinion is not supported by clinical evidence or is inconsistent with other substantial evidence. *See, e.g.*, *Craig*, 76 F.3d at 590. The ALJ in this case explained he afforded Dr. Koduri's opinion little weight because his opinions "are inconsistent with his own treatment notes and his global assessment of functioning scores are not consistent with the other internal marking of the opinion or with the overall medical records." R. at 24. This explanation of the weight given to the treating physician is sufficient and

the Magistrate found there was substantial evidence in the record to support such reasoning. There is accordingly no error in the weight assignment.

Rose's contention that the Magistrate erred in upholding the ALJ's assignment of great weight to the non-examining state agency psychologists fails, despite the fact they had not reviewed Dr. Koduri's reports. Where the opinion of a non-examining physician is consistent with the record it can be relied upon. *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984) (citing *Kyle v. Cohen*, 449 F.2d 489, 492 (4th Cir. 1971)). When the treating physician's opinion is not given controlling weight, all of the medical opinions must be considered and weighed based on the factors in 20 C.F.R. § 404.1527(c)(2)–(6) and 20 C.F.R. § 416.927(c)(2)–(6). Rose contends the ALJ and Magistrate erred by using their lay interpretations to determine there were no significant differences between the reports reviewed and Dr. Koduri's reports. *See Wilson v. Heckler*, 743 F.2d 218, 221 (4th Cir. 1984) (finding error where the ALJ "exercised an expertise he did not possess in the field of medicine" in determining that a physician's clinical findings did not support the severity shown in the physical capacities evaluation); *Edwards v. Astrue*, No. 08cv896, 2009 WL 764882, at *6 (D.S.C. Mar. 23, 2009) (finding error where the ALJ made assumptions about what a lack of seizures might mean regarding the plaintiff's impairment because "[a]n ALJ cannot play the role of doctor and interpret medical evidence when he or she is not qualified to do so.") (quoting *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007)).

Substantial evidence supports the ALJ's findings on the medical records and the ALJ applied the proper legal standard under 20 C.F.R. § 416.927 in assigning great weight to the state agency medical consultants as "highly qualified physicians who are also experts in Social Security disability evaluation." R. at 24. The ALJ further indicated their opinions deserved great weight because "they are consistent with the medical records contained in the file." R. at 24. The overall record is in fact consistent with the state agency medical consultants' opinion that Rose had an RFC for light work. Dr. Brown's diagnosis indicates Rose would be able to "perform

simple, complex, and repetitive tasks and to perform these tasks on a consistent basis" and would be able to interact with coworkers and the general public, but would have difficulty managing stressors of a "competitive work environment." R. at 382–83. Rose's own testimony regarding her daily activities is also consistent with the opinion of the state medical consultants. Rose indicated she gets her children ready for school in the mornings, cooks for the household, helps with her children's homework, does laundry, and goes grocery shopping with assistance. R. at 41–42. The potentially contradictory reports of Dr. Koduri, which were appropriately given little weight, are not sufficient for a finding that the ALJ's determination that the non-examining physicians' opinions were consistent with the record and deserved great weight was not supported by substantial evidence.

Rose's final ground for objection to the ALJ's weight assignments, that the Magistrate erred in concluding the ALJ appropriately adopted select limitations from the opinion of Dr. Brown, also fails. Rose contends the ALJ "cannot 'pick and choose' only the evidence that supports his position;" *Dash v. Astrue*, No. 09cv433, 2010 WL 1779971, at *5 (E.D. Va. Apr. 13, 2010), that the ALJ failed to explain why some of the limitations, which were consistent with Dr. Koduri's findings, were adopted; and that the ALJ cannot "split the baby" between differing opinions without giving an explanation for doing so. *Trimmer v. Astrue*, 3:10cv639, 2011 WL 4589998, at *6 (E.D. Va. Sept. 7, 2011). Rose asserts the limitations not taken into consideration by the ALJ were (1) that Rose would have difficulty performing simple and repetitive tasks due to poor attendance secondary to her anxiety; (2) Rose would experience difficulty managing any stress associated with competitive work; and (3) that Rose's work functioning was significantly impaired. R&R 20–21; Pl's Mem. Supp. S.J. 14.

The Magistrate properly reviewed Rose's contentions finding the ALJ did consider and adopt many of Dr. Brown's limitations in the RFC. R&R 21. As noted by the Magistrate, the ALJ placed limitations on the RFC, including that Rose "could only perform jobs that involved simple, routine tasks with short, simple instructions and in which little or no judgment was

11

required; contained limited direct, face-to-face interaction with coworkers or supervisors; and required simple work-related decisions with few workplace changes." R&R 21; R. at 21; *see also* R. at 381–83. The ALJ did not adopt Dr. Brown's limitations verbatim; however, the limitations were considered in placing limitations on the ALJ's determination of Rose's RFC. Furthermore, this is not a case like *Trimmer* where the ALJ failed to include limitations indicated by the medical opinion given significant weight. *See Trimmer*, 2011 WL 4589998, at *6 (indicating the ALJ's RFC determination did not consider limitations provided by the state agency physicians' opinion assigned significant weight, instead giving credit to limitations suggested by a treating physician credited with "very little weight."). Here, the ALJ considered the limitations provided by the state agency physicians' opinion assigned great weight and also included some limitations indicated by Dr. Brown, whose opinion was only assigned persuasive weight. R. at 24. Accordingly, all grounds for objection to the ALJ's assignment of weight to and assessment of the medical opinions in the record fail. The Magistrate's recommendations on the assignment of weight are therefore ADOPTED and Rose's objection to the weight assignments is OVERRULED.

### II. Judge Novak properly concluded substantial evidence supported the ALJ's evaluation of Rose's credibility

Prior to considering the fourth step of the sequential analysis, whether the claimant can perform past relevant work, the ALJ makes a determination of the claimant's RFC, which involves a determination of the claimant's impairments and credibility. 20 C.F.R. §§ 416.920(e)–(f), 416.945(a)(1). It is the duty of the ALJ "to resolve conflicts in the evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). The credibility determination of the ALJ is "to be given great weight," *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984), and should be assessed only to determine whether it is supported by substantial evidence. *Eldeco, Inc. v. NLRB*, 132 F.3d 1007, 1011 (4th Cir. 1997). "When factual findings rest upon credibility determinations, they should be accepted by the reviewing court absent 'exceptional

circumstances.'" *Id.* (quoting *NLRB v. Air Prods. & Chems., Inc.*, 717 F.2d 141, 145 (4th Cir. 1983)). Therefore, this Court must accept the ALJ's factual findings and credibility determinations unless "'a credibility determination is unreasonable, contradicts other findings of fact, or is based on an inadequate reason or no reason at all.'" *Id.* (quoting *NLRB v. McCullough Envtl. Servs., Inc.*, 5 F.3d 923, 928 (5th Cir. 1993)).

The ALJ in this case determined "[t]he conservative nature of [Rose's] medical care, the limited objective medical findings, and the claimant's admitted activities all diminished her credibility regarding the frequency and severity of her symptoms and the extend of her functional limitations." R. at 24. The Magistrate reviewed the two-step analysis an ALJ must follow in evaluating the claimant's credibility[4] and found substantial evidence supported the ALJ's assessment of Rose's credibility. R&R 23. Rose objects to the Magistrate's finding, alleging three grounds: (1) her testimony on her mental limitations is supported by the medical findings in the record; (2) the ALJ's reliance on Rose's daily activities and a positive test for controlled substances was improper; and (3) the Magistrate erred in distinguishing her case from *Bauer v. Astrue*, 532 F.3d 606, 608–09 (7th Cir. 2008), because Rose should be considered "heavily medicated" as was the claimant in *Bauer* when performing daily activities. Each ground for Rose's objection fails.

The Magistrate correctly found Rose's testimony regarding her mental limitations is not well-supported by the record. Judge Novak recognized "Dr. Koduri's notes only reflected Plaintiff's complaints about life stressors and her husband; they did not indicate any objective mental limitations or observation about Plaintiff." R&R 22. The Magistrate further found no support for Rose's testimony of having heard voices, R. at 43, because such a complaint was never referenced in her treatment notes. R&R 22. Rose objects to this finding by generally

---

[4] The ALJ must first consider whether there is an underlying impairment could reasonably produce the individual's pain or other related symptoms. *Craig*, 76 F.3d at 594; 20 C.F.R. §§ 416.929(b), 404.1529(b). If the claimant meets her threshold obligation of showing, by objective medical evidence, an impairment is reasonably likely to cause the symptoms claimed, the ALJ must then evaluate the claimant's testimony about the intensity and persistence of the symptoms and the extent to which it affects her ability to work. *Craig*, 76 F.3d at 595; 20 C.F.R. §§ 416.929(c)(1), 404.1529(c)(1).

stating that Rose's testimony regarding her mental limitations is well-supported throughout the record. In support, Rose cites the following:

> a psychiatric impairment is not as readily amenable to substantiation by objective laboratory testing as a medical impairment. . . . The report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology or the absence of substantial documentation, unless there are other reasons to question the diagnostic techniques.

*Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir. 1989) (citations omitted). Because of this difficulty in testing for mental impairments, Rose contends the ALJ erred in requiring additional unspecified diagnostic testing.

*Blankenship* provides little support for Rose's objection because it held an examining psychiatrist's conclusions should not be discounted when a review of the record shows no medical evidence contradicting such a conclusion. *Id.* Rose argues that her own credibility should not be diminished. However, other courts have held that *Blankenship* does not apply when there is no medical evidence of mental health problems supporting the claimant's testimony. *See, e.g.*, *Waltman v. Astrue*, No. 11-5008, 2011 WL 5331700, at *4 (W.D. Wash. Oct. 19, 2011); *Belica v. Astrue*, No. 3:09cv1982, 2010 WL 7865076, at *8 (D. Conn. July 30, 2010); *Michael v. Astrue*, No. 09cv123, 2010 WL 1994905, at*5 (E.D. Ky. May 19, 2010). Rose does not point to any specific evidence in Dr. Koduri's notes that supports her mental limitations. Even if there were support for Rose's testimony, the proper test is whether there is substantial evidence supporting the ALJ's determination of credibility. *Eldeco, Inc.*, 132 F.3d at 1011. The Magistrate therefore properly considered Rose's testimony, finding it unsupported by the record.

Rose next contends the ALJ erred in relying on the Rose's daily activities and the fact that she tested positive for controlled substances.[5] In making a credibility determination, the ALJ may consider, *inter alia*, the claimant's daily activities. 20 C.F.R. § 416.929(c)(3)(i); SSR 96-7p; *Johnson*, 434 F.3d at 658. The ALJ found that Rose's admitted daily activities, including

---

[5] Rose makes no specific arguments in objecting to the ALJ's recognition that she tested positive for controlled substances. The Court finds no error in the ALJ considering that fact. *See Stone v. Astrue*, No. 10cv236, 2011 WL 2635740, at *10 (S.D. Ohio May 6, 2011).

caring for her two children, helping her children with their homework, laying out her children's clothes, preparing the family meals, cleaning her home, doing laundry, and grocery shopping,[6] diminished her credibility regarding her symptoms and the extent of her functional limitations. R. at 24. The ALJ also noted that Rose was able to maintain the household on her own because she and her husband had been separated for at least a year leading up to the hearing. R. at 24, 41. Rose argues these daily activities do not establish that she has no significant mental limitations. *See, e.g.*, *Chapman v. Astrue*, No. 07cv2868, 2010 WL 419923, at *9 (D.S.C. Jan 29, 2010) (holding the ability to do dishes, fold laundry, perform mending, and pick up around the house were not inconsistent with a physical disability) (citing *Totten v. Califano*, 624 F.2d 10, 11 (4th Cir. 1980) (holding an individual does not have to be helpless or bedridden to be disabled)).

The cases cited by Rose, however, do not preclude the ALJ from considering daily activities in determining the claimant's credibility. *See, e.g.*, *Mastro*, 270 F.3d at 179 (holding daily activities such as riding a bike, walking in the woods, and travelling undermined the symptoms alleged by the claimant); *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (holding daily activities such as cooking, washing dishes, taking care of the house, acting as caretaker in exchange for use of his apartment, grocery shopping, and cleaning and socializing at a local poolroom undermined a finding of a psychological disability). Accordingly, the ALJ used the proper standard for determining Rose's credibility by considering her daily activities as a factor in the determination, along with the nature of her treatment and the limited objective legal findings. *See* 20 C.F.R. § 416.929(c)(3)(i).

Finally, Rose objects to the Magistrate's determination that reliance on *Bauer*, 532 F.3d at 608–09, was improper because Rose was not "heavily medicated," arguing that Rose was in fact heavily medicated when completing her daily activities. In *Bauer*, the Seventh Circuit found the ALJ erred in determining the claimant was not disabled because of misplaced reliance on the

---

[6] The Court recognizes Rose usually grocery shops with her husband or sister, R. at 41, however, that fact does not preclude the ALJ from considering the activity in making a credibility determination.

claimant's daily activities. *Id.* at 608. The court indicated the claimant was heavily medicated, enabling her to cope with the challenges of daily living, and that her son cooked most meals, washed the dishes, did laundry, and helped with grocery shopping. *Id.* The court also found that the claimant regularly saw a psychiatrist and a psychologist for nearly three years, both of whom diagnosed her with bipolar disorder and concluded she could not hold down a full-time job. *Id.* at 607. By contrast, Rose sporadically met with Dr. Koduri, missing five appointments in less than a year, R. at 23, 505–14, the medical opinions in the record do not result in a conclusion that she cannot hold a full time job, R. at 24, and Rose was able to manage her household and care for her children without the help of her husband. R. at 41–42. Accordingly, *Bauer* is factually distinct from the case at hand and the Magistrate did not err in so holding.

The Court finds substantial evidence supports the ALJ's credibility determination. Accordingly, Judge Novak's Report and Recommendation is ADOPTED and Rose's objection that the ALJ erred in making his credibility determination is OVERRULED.

### III. Judge Novak properly concluded the ALJ presented the VE with an adequate hypothetical to determine that Rose was not disabled

Rose's final objection to the Magistrate's R&R is that, because the ALJ did not properly weigh the medical evidence or Rose's credibility, the hypothetical posed to the VE did not accurately describe Rose's limitations. This argument fails because the ALJ properly weighed the medical evidence and Rose's credibility. *See supra* Parts I & II. Accordingly, the Magistrate's Report and Recommendation is ADOPTED and Rose's objection that the hypothetical posed to the VE was improper is OVERRULED.

### CONCLUSION

For the reasons stated above, the Court will OVERRULE Rose's objections and ADOPT Judge Novak's Report and Recommendation DENYING Rose's Motion for Summary Judgment and Remand; GRANTING the Commissioner of Social Security's Motion for Summary Judgment; and AFFIRMING the Commissioner's decision denying benefits to Rose.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate order shall issue.

>  _____/s/_____
>  James R. Spencer
>  United States District Judge

ENTERED this __4th___ day of December 2012.

17